**STATE OF WEST VIRGINIA**

*In re* **H.C. and G.C.**

**No. 18-0620** (Jackson County 17-JA-129 and 17-JA-130)

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner grandmother P.P., by counsel Robert M. Williams, appeals the Circuit Court of Jackson County's June 6, 2018, order denying her motion to intervene.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Ryan M. Ruth, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her custody of H.C. and G.C.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The DHHR filed a petition against the mother and respective fathers of H.C., G.C., and H.S. alleging that H.S. suffered from non-accidental head trauma, commonly referred to as "shaken baby syndrome." Petitioner is the maternal grandmother of these children. During the proceedings, the mother was never able to provide a reasonable explanation as to how this injury occurred. During the mother's adjudicatory hearing, petitioner testified that she was aware that H.S. was diagnosed with "shaken baby syndrome;" however, petitioner stated that she disagreed

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner's brief does not comply with the West Virginia Rules of Appellate Procedure in that it does not list specific assignments of error as required by Rule 10(c)(3). Although petitioner appeals the circuit court's order denying her motion to intervene, petitioner's argument and cited authority challenges the circuit court's failure to grant her preference in the permanent placement of the children. Accordingly, this decision addresses petitioner's assertion that she should have been granted preference pursuant to the relevant West Virginia statutory law.

1

with that diagnosis and believed that "the doctors are just not looking into the medical aspect of [H.S.'s] history." Ultimately, the circuit court terminated the parental rights of H.S.'s parents.[3]

Petitioner filed a motion to intervene in June of 2016 alleging the DHHR did not consider her for permanent placement of the children. The circuit court held an evidentiary hearing in August of 2016 and found that petitioner did not "acknowledge that [H.S.] [was] a victim of shaken baby syndrome or non-accidental trauma, despite overwhelming evidence to the contrary." Further, the circuit court reasoned that absent an acknowledgement of abuse and neglect, petitioner was an inappropriate custodian and not in a position to protect the children from harm. Accordingly, the circuit court denied petitioner's motion to intervene. Petitioner did not appeal this order.

In November of 2016, the circuit court addressed "a letter and exhibits from [petitioner] . . . seeking essentially a reconsideration of the prior decision." However, after considering petitioner's newly provided exhibits and the prior testimony, the circuit court found no new fact or circumstance that would justify overruling its prior decision. The circuit court denied petitioner's motion. Petitioner did not appeal this order. Ultimately, H.C. and G.C. were returned to their father's custody in July of 2017 after the circuit court found that he successfully completed an improvement period. H.S. was placed in foster care and later adopted.

In August of 2017, the DHHR filed a second petition against the father of H.C. and G.C and the children were removed from his custody. The circuit court adjudicated the father in October of 2017. Petitioner filed a motion to intervene, and the circuit court held an evidentiary hearing in November of 2017. Petitioner presented evidence and argument in support of her motion to intervene. The DHHR and guardian objected to petitioner's motion and requested the circuit court to take judicial notice of the prior abuse and neglect proceeding. Ultimately, the circuit court found the children's best interests would not be served by placement with petitioner "for the same reasons set forth by the [circuit] [c]ourt in denying prior intervention. [Petitioner] has not acknowledged the abuse and neglect at issue[.]" Accordingly, the circuit court denied petitioner's motion to intervene. Petitioner did not appeal this order.

In January of 2018, petitioner filed a motion to reconsider the circuit court's ruling due to a lack of sufficient notice of the prior hearing.[4] The circuit court held a second evidentiary hearing to accommodate petitioner in April of 2018. Petitioner testified that she successfully completed DHHR trainings and that her home passed a DHHR home study. Additionally, petitioner testified that she believed H.S. was the victim of non-accidental head trauma. The DHHR worker testified that the DHHR was required to perform a home study when one is

---

[3]The mother appealed this decision, and this Court affirmed the circuit court's order. *See In re H.C., G.C., and H.S.*, No. 16-0586, 2016 WL 5900718 (W.Va. Oct. 11, 2016)(memorandum decision)

[4]Although the circuit court heard petitioner's motion to reconsider, no such action is provided by the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, Chapter 49 of the West Virginia Code, or the applicable West Virginia Rules of Civil Procedure.

requested by an individual. Despite the completed home study, the worker testified that DHHR continued to assert that petitioner was an inappropriate care giver based upon her previous failure to acknowledge that H.S. was exposed to physical abuse.

Ultimately, the circuit court found that petitioner had a full opportunity to litigate her motions for intervention in both this case and the prior abuse and neglect proceeding. The circuit court noted that petitioner failed to acknowledge that the child was subject to non-accidental trauma in the prior case. The circuit court reasoned that, although petitioner acknowledged that fact during the April, 2018, hearing, petitioner did not mention this acknowledgement during the November, 2017, hearing or in her pleadings before this date. The circuit court concluded that petitioner's new acknowledgement was self-serving and inconsistent with her prior testimony. The circuit court denied petitioner's motion to intervene in its June 6, 2018, order. Petitioner now appeals that order.[5]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in relying on *West Virginia Department of Health and Human Resources, ex rel Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996), and by not granting her preference for permanent placement of the children. In her argument, petitioner draws several factual distinctions between this case and *Wright*. However, the circuit court did not explicitly cite *Wright* in its final order on appeal. Rather, the circuit court highlighted petitioner's "failure to acknowledge" the abuse that was inflicted upon H.S, which is a component of this Court's reasoning in *Wright*. This Court has consistently held

---

[5]The mother's parental rights to all of the children were previously terminated. H.C. and G.C.'s father relinquished his parental rights. H.S. father's parental rights were previously terminated and she has been adopted. According to the parties, the permanency plan for H.C. and G.C. is adoption in their current foster home.

that a parent's failure to acknowledge the causes of abuse and neglect perpetuates the danger of abuse to their children. *See In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (noting that "'[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable.'" (quoting *In re Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004))). In her brief, petitioner admits that "[t]he record in this case demonstrates that [p]etitioner, on two separate occasions before the [l]ower [c]ourt, failed to acknowledge that her granddaughter, H.S., was the victim of 'shaken baby syndrome.'" Petitioner's failure to acknowledge the abuse H.S. suffered allows the children to be at risk for further abuse in her care. Further, petitioner's sudden acknowledgement during the final hearing is unsupported by her prior testimony and the circuit court was free to judge her credibility in this regard. *See Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

Finally, West Virginia Code § 49-4-114(a)(3), otherwise known as the "grandparent preference," provides

> [f]or purposes of any placement of a child for adoption by the department, the department shall first consider the suitability and willingness of any known grandparent or grandparents to adopt the child. . . . If the department determines, based on the home study evaluation, that the grandparents would be suitable adoptive parents, it shall assure that the grandparents are offered the placement of the child prior to the consideration of any other prospective adoptive parents.

However, "an integral part of the implementation of the grandparent preference, as with all decisions concerning minor children, is the best interest of the [children]." *In re Elizabeth F.*, 225 W.Va. 780, 787, 696 S.E.2d 296, 303 (2010). The circuit court found that petitioner's failure to acknowledge the prior physical abuse of H.S. rendered her an inappropriate caregiver for these children because they would be at risk that petitioner would overlook further abuse if in her care. Accordingly, we find no error in the circuit court's refusal to place the children in petitioner's care.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 6, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

4